**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHEILA WOODS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:15-CV-2355-G (BF)** |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| **Defendant.** | ) | |

**FINDINGS, CONCLUSIONS & RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sheila Woods ("Plaintiff") brings this action for judicial review of the Commissioner of the Social Security Administration's ("Commissioner") final decision denying her claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act pursuant to 42 U.S.C. § 405(g). Pl.'s Br. 1, ECF No. 18. For the following reasons, the undersigned respectfully recommends that the District Court AFFIRM the final decision of the Commissioner.

**BACKGROUND**

Plaintiff alleges that she is disabled due to a variety of ailments including back pain stemming from exposed nerves and slipped discs. Tr. 38, ECF No. 11-3; Tr. 161, ECF No. 11-7. After Plaintiff's application was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on August 28, 2013 in Dallas, Texas before ALJ Carol K. Bowen (the "ALJ"). Tr. 32, ECF No. 11-3. Plaintiff was born on July 7, 1963 and at the time of the hearing, Plaintiff was 50 years old. Tr. 127, ECF No. 11-6. Plaintiff has a GED. Tr. 34, ECF No. 11-3. Plaintiff has past work experience as a medical records clerk, a poultry dresser, a food service manager/trainee, an airplane cleaner, and a retail

cashier/stocker/storekeeper. Tr. 46-47, ECF No. 11-3. Plaintiff has not engaged in substantial gainful activity since March 13, 2012. Tr. 127, ECF No. 11-6.

The ALJ issued her decision on December 4, 2013 finding that Plaintiff has not been under a disability as defined in the Social Security Act from March 13, 2012 through the date of her decision. Tr. 24-25, ECF No. 11-3. The ALJ determined that Plaintiff had the following severe impairments: disorders of the spine, hypertension, and obesity. Tr. 18, ECF No. 11-3. The ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). Tr. 19, ECF No. 11-3. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to: (1) lift and carry 20 pounds occasionally and 10 pounds frequently; (2) stand and walk for 6 hours in an 8 hour workday; (3) sit for six hours in an 8 hour workday; (4) push and pull in the amount of weight given; and (5) occasionally balance, stoop, kneel, and operate foot controls with the right lower extremity. Tr. 19, ECF No. 11-3. However, the ALJ determined that Plaintiff could not climb, crouch, or crawl, and must avoid all exposure to hazards including unprotected heights and dangerous, moving machinery. Tr. 19, ECF No. 11-3. The ALJ determined that Plaintiff was able to perform her past relevant work as a medical records clerk, poultry dresser, food service manager trainee, and cashier II. Tr. 23, ECF No. 11-3. In the alternative, the ALJ determined that Plaintiff was also able to perform the following light, unskilled work: (1) ticket seller; (2) information clerk; and (3) ticket taker. Tr. 24, ECF No. 11-3. Plaintiff appealed the ALJ's decision to the Appeals Council, and on May 18, 2015, the Appeals Council denied Plaintiff's request. Tr. 1, ECF No. 11-3. Plaintiff subsequently filed this action in the district court on July 17, 2015.

Compl., ECF No. 1.

## **LEGAL STANDARDS**

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1)   an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
>
> (2)   an individual who does not have a "severe impairment" will not be found to be disabled;
>
> (3)   an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
>
> (4)   if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
>
> (5)   if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove

disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, No. 4:12-CV-878-A, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, No. 4:08-CV-503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June

4

3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## ANALYSIS

Plaintiff argues that the ALJ impermissibly played doctor by finding that new medical evidence from August of 2012 through 2013 would not have changed the state agency medical consultants' opinions from August of 2012 that Plaintiff would recover from her back surgery and would be capable of performing the exertional demands of light work with occasional postural limitations. Pl.'s Br. 10-17, ECF No. 17. Plaintiff argues that her own uncontradicted written statements and testimony support a more limited ability to sit, stand, and walk. Pl.'s Br. 11-12, ECF No. 17. Plaintiff argues that the ALJ assumed that she could perform light work because she did not need an assistive device for ambulation, but the medical evidence issued subsequent to the state agency consultants' conclusions that Plaintiff could perform light work undermines their findings. Pl.'s Br. 12 & 14, ECF No. 17. Plaintiff further argues that the ALJ impermissibly relied on her own lay medical opinion to determine her RFC, because her continued use of a rolling walker does not establish that she sufficiently recovered from her low back surgery to be capable of sitting, standing, and walking for 6 hours in an 8 hour workday, and her continued treatment for back pain and an MRI

showing new levels of involvement (L5-S1) with nerve contact, new diagnoses, and physical therapy notes contradict the ALJ's findings. Pl.'s Br. 16-17, ECF No. 17.

In the response, the Commissioner argues that the final responsibility for the determination of Plaintiff's RFC and the decision as to whether Plaintiff is disabled are questions reserved for the Commissioner. Def.'s Br 6, ECF No. 18 (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). The Commissioner argues that, contrary to Plaintiff's characterization of Dr. Fritz's physical RFC assessment as being "prospective," Dr. Fritz provided his physical RFC assessment based on the medical evidence regarding her condition. Def.'s Br. 6, ECF No. 18; Tr. 387, ECF No. 11-9. The Commissioner further points out, that the ALJ found that Plaintiff's statements are less than fully credible and that in response to Plaintiff's complaints of pain during a September 2012 examination, Dr. Castro-Andres treated her conservatively with Tramadol, rather than prescribing narcotics for pain control. Def.'s Br. 7, ECF No. 18; Tr. 755, ECF No. 12-4. The Commissioner also points out that when she was treated for dental pain in November of 2012, she was observed as being able to ambulate without assistance and having a steady gait. Def.'s Br. 8, ECF No. 18; Tr. 855, ECF No. 12-5. The Commissioner further points out Plaintiff's January 2013 examination with Dr. Kevin Gill where he found Plaintiff to: (1) be in no acute distress; (2) have a normal gait pattern and tandem gait; (3) be able to bilaterally tip toe and heel walk without difficulty; (4) have normal motor function/muscle strength in the upper and lower extremities; (5) have grossly intact sensation in the upper and lower extremities; (6) have negative straight leg raising bilaterally; (7) have normal and equal reflexes in the bilateral upper and lower extremities; (8) have no tenderness over the cervical or thoracic spines; and (9) have a full range of motion of the cervical and lumbar spines. Def.'s Br. 8, ECF No. 18; Tr. 991-92, ECF No. 12-7. In addition, the Commissioner points out that, after

6

performing an extensive cardiac work-up, the medical staff at Parkland determined that Plaintiff's chest pains in August of 2012 resulted from her non-compliance with medication, and the Commissioner argues that a failure to follow prescribed treatment precludes a finding of disability. Def.'s Br. 9, ECF No. 18.

In the reply, Plaintiff argues that, contrary to the Commissioner's assertion that Dr. Fritz did not make a prospective opinion, his Physical RFC Assessment form specifically stated that the "RFC Assessment is for: 12 months after onset: 05/14/2013." Reply 1-2, ECF No. 19; Tr. 386, ECF No. 11-9. Plaintiff also states that Dr. Fritz further explained that the "limitations are currently severe but condition is expected to improve within twelve months of 05/12 surgery." Reply 2, ECF No. 19; Tr. 391, ECF No. 11-9. Plaintiff argues that Dr. Fritz and Dr. Rosenstock unequivocally assumed that Plaintiff's back surgery would heal and that by May of 2013 Plaintiff would be able to lift and carry 20 pounds occasionally, 10 pounds frequently, stand/walk for 6 hours in an 8 hour workday, and sit for 6 hours in an 8 hour workday, with some postural limitations. Reply 2, ECF No. 19. However, Plaintiff argues that the assumptions on which Dr. Fritz and Dr. Rosenstock based their opinions on regarding Plaintiff's back impairment never came to pass. Reply 2, ECF No. 19. Plaintiff argues that, based on the subsequent  medical evidence, it was not reasonable for the ALJ to determine that the state agency physicians' opinions would not have changed, and that the ALJ failed to evaluate whether Plaintiff's use of assistive devices supported her continued reports of back pain that impaired her ability to stand and walk. Reply 2, ECF No. 19. Plaintiff argues that a new MRI from December of 2012 showed disc height loss and a right side disc protrusion that contacted the nerve root at L5-S1, which is a new level below the surgery site, and Dr. Carlos Perez, a radiologist, stated on December 29, 2012 that the disc protrusion could account for Plaintiff's right side radicular

7

symptoms. Reply 3-4, ECF No. 19; Tr. 934, ECF No. 12-6. Therefore, Plaintiff argues that the Court should hold this MRI as potentially decisive medical evidence that changed the landscape of the medical evidence to the extent that the ALJ's continued reliance on the state agency physicians' outdated assessments constituted an error. Reply 4, ECF No. 19.

Among the new evidence discussed by the ALJ, but concluded was not "sufficiently persuasive to alter the functional limitations imposed by the state agency doctors" were: (1) evidence from August of 2012 showing that Plaintiff sought emergency room treatment from Parkland for chest pain and shortness of breath and where Plaintiff admitted that she had been out of her prescription anti-hypertensive medication for more than two weeks; (2) evidence from September of 2012 showing that: (a) Plaintiff returned to Parkland with reported symptoms of right leg weakness, (b) Plaintiff did not comply with orders from her treating neurosurgeon to stop using her walker and to return for a follow up visit six weeks after her July 2012 exam, (c) Plaintiff admitted being out of Hydrocodone for several months, and (d) Plaintiff was treated with Tramadol instead of narcotics for pain; (3) evidence from November of 2012 where Plaintiff was treated in the emergency room at Parkland for dental pain and was noted as ambulating without assistance and having a steady gait; and (4) evidence from January of 2013 through April of 2013 where an orthopedic exam by Dr. Kevin Gill showed that Plaintiff (a) was not in acute distress, (b) had a normal gait pattern and tandem gait, (c) was able to tip toe and heel walk without difficulty, and (d) Dr. Gill recommended only pain management to treat Plaintiff's symptoms. Tr. 21-22, ECF No. 11-3.

As previously stated, an "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial

evidence supports the conclusion that was reached by the ALJ." *Corpany*, 2014 WL 1255316, at *9. Furthermore, it is the Commissioner's duty, based upon the medical record, to determine Plaintiff's RFC. *Ripley*, 67 F.3d at 557. Upon consideration, the undersigned finds that substantial evidence supports the ALJ's decision. While the new evidence may plausibly be construed in support of Plaintiff's position, the new evidence is not of such weight as to persuade the undersigned that the ALJ's decision was in error. As argued by the Commissioner, the ALJ did not find Plaintiff's subjective complaints to be wholly credible, and the evidence, including the new evidence supports the ALJ's credibility determination. Furthermore, the ALJ's decision demonstrates that she thoroughly considered the new evidence, but ultimately concluded that the new evidence did not change her decision. The Court's task here is to scrutinize the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. The undersigned concludes that, because substantial evidence is present, the final decision of the Commissioner should be affirmed.

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the District Court AFFIRM the final decision of the Commissioner.

SO RECOMMENDED, this 20th day of January, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).